Index No. 23-CV-9489 (JPC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH SROUR,

            Plaintiff,

-against-

NEW YORK CITY; EDWARD A. CABAN, in his Official Capacity, and NICOLE BERKOVICH, Individually,

            Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT**

### HON. SYLVIA O. HINDS-RADIX

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 5-143
New York, New York 10007

*Of Counsel:* Aimee K. Lulich
*Tel:* (212) 356-2369

Matter No. 2023-100497

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT

    POINT I

        PLAINTIFF LACKS STANDING ............................................................. 2

    POINT II

        PLAINTIFF CANNOT SUSTAIN A SECOND AMENDMENT CLAIM ............................................................................ 4

    POINT III

        DEFENDANTS' MOTION SHOULD BE DECIDED PURSUANT TO RULE 12(B)(6) ............................................ 5

    POINT IV

        PLAINTIFF HAS NOT STATED A CLAIM FOR RELIEF AS AGAINST NICOLE BERKOVICH IN HER INDIVIDUAL CAPACITY OR FOR PUNITIVE DAMAGES ............................................................... 6

CONCLUSION ....................................................................................................................... 7

## TABLE OF AUTHORITIES

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                                           **Pages**

Antonyuk v. Chiumento,
  2023 U.S. App. LEXIS 32492 (2d Cir. Dec. 8, 2023)......................................................................1, 2, 3, 4

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)..............................................................................................................................5

Bristol v. Nasssau Co.,
  685 Fed. Appx. 26, *28 (2d Cir. 2017)................................................................................................5

Casey v. Odwalla, Inc.,
  338 F.Supp. 3d 284, 295 (S.D.N.Y. Sept. 19, 2018) ..........................................................................5

Groden v. Random House, Inc.,
  61 F.3d 1045, 1052-53 (2d Cir. 1995). ............................................................................................5, 6

Susan B. Anthony List v. Driehaus,
  573 U.S. 149 (2014).......................................................................................................................... 3-4

**Statutes**

38 RCNY § 3-03 ......................................................................................................................................3

38 RCNY § 5-10 ......................................................................................................................................3

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

JOSEPH SROUR,
                                              Plaintiff,

         -against-

NEW YORK CITY; EDWARD A. CABAN, in his Official      23-CV-9489 (JPC)
Capacity, and NICOLE BERKOVICH, Individually,

                                              Defendants.
---------------------------------------------------------------------- x
```

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

Defendants City of New York ("City"), Commissioner Edward A. Caban, and Nicole Berkovich, by their attorney Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, submit this reply memorandum of law in further support of their motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. As detailed in Defendants' moving papers, this matter must be dismissed. Plaintiff lacks standing because he has suffered no injury-in-fact from the regulations he purports to challenge for the simple reason that the newly-filed applications are still pending. Further, even if a challenge based upon his 2018 applications were not time-barred, the denials of those applications provide no basis to challenge the current regulations, which have been amended since the 2019 determinations, and because Plaintiff admits that the content of the 2018 applications and the newly-filed applications are not identical with regard to the information disclosed by Plaintiff. Additionally, this matter fails on the merits pursuant to the Second Circuit's holding in <u>Antonyuk v. Chiumento</u>, No. 22-2908(L), 2023 U.S. App. LEXIS 32492 (2d Cir. Dec. 8, 2023), which found that consideration of "good moral character" is constitutional according to the <u>Bruen</u> test. Thus, plaintiff's argument in the opposition that the <u>Bruen</u> test can

only be applied in a summary judgment motion is unavailing – the court need not redo the <u>Bruen</u> test where the Second Circuit has already done so, and this matter can be decided on the merits. In any event, even if there were disputed material facts, Defendants would seek discovery prior to filing a motion for summary judgment.  Finally, Plaintiff argues that Defendant Nicole Berkovich is properly named for the purposes of injunctive relief.  Accordingly, Plaintiff has waived his claims against Nicole Berkovich in her individual capacity and for punitive damages, and these claims should be dismissed.

## ARGUMENT

## POINT I

## PLAINTIFF LACKS STANDING

Plaintiff has failed to establish standing to proceed in this matter. First, Plaintiff's assertion that <u>Antonyuk</u>, "supports Plaintiff's pre-enforcement challenge without the need to wait until his pending applications are denied" is incorrect. Opp. Mem. at 3. In <u>Antonyuk</u>, the Second Circuit drew a distinction between *eligibility criteria* and *application requirements*, and found injury-in-fact where *application requirements* prevented the <u>Antonyuk</u> Plaintiff from submitting an application in the first place. <u>Id.</u> at * 56-57, 63-64 and 67.  Specifically, the Concealed Carry Improvement Act required disclosure of, *inter alia*, information about an applicant's family and associates and the applicant's social media accounts. <u>Id.</u> Unwilling to disclose this required information, the <u>Antonyuk</u> Plaintiff could not submit an application.  <u>Id.</u>  The Second Circuit found that his injury-in-fact arising from the disclosure requirements was the inability to even apply for a license. <u>Id.</u>  By contrast, Plaintiff submitted applications, but challenges the eligibility criteria under which applications are decided. Opp. Mem. at 5-9. Plaintiff cannot suffer an injury-in-fact arising out of the eligibility criteria before the criteria have been applied to him.

Nor can Plaintiff demonstrate that the outcome of the newly-filed applications are "preordained," and, thus, "futile." See Opp Mem. at p. 5. As detailed in Defendants' moving papers, Plaintiff has suffered no injury-in-fact from the current iterations of the challenged regulations because both the regulations themselves and Plaintiff's circumstances have changed since the denial of the 2018 applications. See Def. Mem. at pp. 4-6 & 8-9. Plaintiff's argument that some of the challenged subsections "remain unchanged" is unavailing for the same reasons – Plaintiff's newly-filed applications are materially different than the 2018 applications. Plaintiff admits that he disclosed his arrest history on the newly-filed applications but did not do so on the 2018 applications. Further, because factors such as the length of time since any prior arrests or egregious traffic violations must be considered by the License Division in evaluating the challenged subsections, the five-year period between Plaintiff's applications make them materially different. Finally, the determination to grant or deny an application for firearms is made pursuant to several State laws and City regulations and 38 RCNY § 5-10 and § 3-03 require that the licensing official consider all 14 subsections in making any determination.[1] See id. Accordingly, no one subsection of 38 RCNY § 5-10 or § 3-03 can be viewed in isolation. Both 38 RCNY § 5-10 and § 3-03 were amended on December 16, 2022, and, therefore, Plaintiff has not suffered any injury arising from the current iterations of these regulations. Plaintiff cannot credibly demonstrate that the outcomes of the newly-filed applications are "pre-ordained" and he cannot make a "substantial showing of futility." Antontyuk, 2023 U.S. App. LEXIS at *65-66; see also Susan B. Anthony List v. Driehaus, 573 U.S. 149, 159 (2014). Accordingly,

---

[1] For the same reason, plaintiff's argument that "enjoining the subsections will result in a finding of eligibility" fails. Opp. Mem. at p. 9. The License Division will still be required to consider "good moral character" under, inter alia, State law. Accordingly, any conclusion regarding the outcome of the newly-filed applications is speculative at best.

Plaintiff's premature claims must be dismissed for lack of standing because he has not suffered any injury-in-fact.

## POINT II

### PLAINTIFF CANNOT SUSTAIN A SECOND AMENDMENT CLAIM

As described above, the Court should not reach the merits of the Complaint because Plaintiff lacks standing to challenge the regulations about which he seeks declaratory and injunctive relief. However, Plaintiff's claims fail on the merits pursuant to Antonyuk, 2023 U.S. App. LEXIS at *68-*102. The Second Circuit found that the "good moral character" requirement does not violate the Second Amendment, and that precedent controls. Id. Plaintiff's argument that Defendants must set forth historical analogues is incorrect; the Second Circuit has *already* identified historical analogues and conducted a thorough analysis of the "good moral character" requirement applying the Bruen standard. Id. The Second Circuit decided that the "good moral character" requirement, which considers whether the applicant would pose a danger to themselves, others, or to the public is consistent with the Second Amendment. Id. at *57. Additionally, the Second Circuit determined that it does not lack a "plainly legitimate sweep." Antonyuk at *72-73. Further, while the Plaintiffs in Antonyuk challenged the requirements to obtain a concealed carry handgun license in New York State, there is nothing in the Antonyuk decision to indicate that the historical analysis and findings regarding a plainly legitimate sweep would be limited to concealed carry licenses. Indeed, the Second Circuit found that the "good moral character" requirement "is consistent with the well-recognized historical tradition of preventing dangerous individuals from *possessing* weapons," not with preventing dangerous individuals from *bearing* or *carrying* weapons. Antonyuk, 2023 U.S. App. LEXIS 32492 at *57 (emphasis added). Accordingly, there is no merit to Plaintiff's argument that the court must do

another, separate analysis of historical analogues of the "good moral character" requirement, and Plaintiff cannot succeed on the merits of the claim.

## POINT III

### DEFENDANTS' MOTION SHOULD BE DECIDED PURSUANT TO RULE 12(B)(6)

Plaintiff's argument that this motion should be converted to a motion for summary judgment lacks any basis in fact or law. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court is limited to the four corners of the complaint, although the court can take judicial notice of certain limited categories of documents. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bristol v. Nasssau Co., 685 Fed. Appx. 26, *28 (2d Cir. 2017). Where a movant asks the court to consider a document that is outside the four corners of the pleadings, and which is not within the limited categories of documents of which the court may take judicial notice, the court may convert the motion to one for summary judgment. See Groden v. Random House, Inc., 61 F.3d 1045, 1052-53 (2d Cir. 1995). The court will only convert a motion where the parties "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment" and were not "taken by surprise and deprived of a reasonable opportunity to meet facts outside of the pleadings." Id. In any event, "the majority of the cases in this district only convert 12(b)(6) motions to ones for summary judgment where a party has explicitly asked for that relief in the alternative." Casey v. Odwalla, Inc., 338 F.Supp. 3d 284, 295 (S.D.N.Y. Sept. 19, 2018) (collecting cases).

Here, the motion to dismiss relies only upon the allegations in the Complaint. See Def. Mem., generally. Defendants have not asked the court to consider any extrinsic evidence, and no extrinsic evidence is necessary to decide the motion. Indeed, Plaintiff points out that Defendants have not relied upon extrinsic evidence several times in the opposition. See Opp.

Mem. at 3-4 and 15-16. Additionally, Plaintiff does not assert that extrinsic evidence is necessary to oppose the motion to dismiss, and has not referenced extrinsic evidence in the opposition to the motion. Thus, there is no basis for this Court to convert the motion to dismiss to a motion for summary judgment, nor is there any basis upon which the Court could find that Defendants should reasonably have recognized that conversion was a possibility. See Groden, 61 F.3d at 1052-53. The motion to dismiss in all ways complies with Rule 12(b)(6), and should be decided pursuant to that standard.

## POINT IV

### PLAINTIFF HAS NOT STATED A CLAIM FOR RELIEF AS AGAINST NICOLE BERKOVICH IN HER INDIVIDUAL CAPACITY OR FOR PUNITIVE DAMAGES

As described in Defendants' moving papers, Plaintiff's claim against NYPD License Division Director Nicole Berkovich, in her individual capacity and for punitive damages, fails because Plaintiff has not alleged any facts to support her personal involvement in any Constitutional injury as against him and because she would be entitled to Qualified Immunity. See Def. Mem. at Point III. In opposition, Plaintiff argues only that "[p]laintiff's claim for *equitable relief* is properly sought against the Director of the License Division…," see Opp. Mem. at 16 (emphasis added), and "[p]laintiff is not seeking relief against Defendant Berkovich for *past* harms; he seeks equitable relief to enjoin the Director from enforcing her pre-determined conclusion [regarding] Plaintiff…", id. (emphasis in original). Thus, Plaintiff now seeks only injunctive relief against Defendant Nicole Berkovich regarding a future potential determination in her official capacity as Director of the License Division and has waived his claims in her individual capacity and for punitive damages. Accordingly, and because the

Complaint is devoid of any facts to support such claims in any event, Plaintiff's claims against Ms. Berkovich in her individual capacity and for punitive damages must be dismissed.

## **CONCLUSION**

For the foregoing reasons, and those set forth in Defendants' moving papers, Defendants request that this Court grant the motion to dismiss the complaint in its entirety, together with such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           February 26, 2024

                              HON. SYLVIA O. HINDS-RADIX
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York 10007
                              By:      /S/
                                   Aimee K. Lulich

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH SROUR,

                                                                                Plaintiff,

-against-

NEW YORK CITY, New York,
EDWARD A. CABAN, in his Official
Capacity, and NICOLE BERKOVICH,
Individually,

                                                                          Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT**

*Hon. Sylvia O. Hinds-Radix*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Aimee Lulich*
*Tel:  (212) 356-2369*
*Matter No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................................................................, 2023......*

*........................................................................................................... , Esq.*

*Attorney for ...................................................................................................*