

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**AIMEE K. LULICH**
*Senior Counsel*
alulich@law.nyc.gov

April 16, 2024

**BY ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Joseph Srour v. City of New York et. al.,
      23-CV-9489 (JPC)

Your Honor:

  I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants City of New York ("City"), New York City Police Department ("NYPD") Commissioner Edward A. Caban, and Nicole Berkovich in the above-entitled action. I write to inform this Court that the applications for firearm licenses that are the subject of the instant action were approved by the NYPD, and, therefore, in addition to the reasons already detailed in Defendants' motion to dismiss the Complaint, this matter should be dismissed as moot.

  As the Court is aware, Plaintiff submitted applications for a rifle/shotgun permit and a premises residence handgun license on or about October 26, 2023, and a carry license on or about November 6, 2023. Contemporaneously, Plaintiff filed the instant action challenging portions of the Administrative Code and Rules of the City of New York that he asserted would be used in the future to deny these applications. See First Amended Complaint ("FAC") at Doc. No. 14. Specifically, Plaintiff challenged the "good moral character" requirement in 38 RCNY §§ 3-03 and 5-10, and the factors for consideration in determining firearm licenses set forth in 38 RCNY §§ 3-03(a), (e), (h), and (n) and 38 RCNY §§ 5-10(a), (e), (h), and (n). Id. Defendants moved to dismiss the Complaint on the grounds that, inter alia, Plaintiff lacked standing to challenge these regulations because there had been no determinations of his applications for firearm licenses and, thus, no injury-in-fact. See Def. Mem. at Doc. No. 34. Additionally, Defendants argued that Plaintiff failed to state a claim for relief against Nicole Berkovich in her personal capacity, and the challenged regulations pass Constitutional muster. Id. The motion to dismiss was fully briefed on February 26, 2024 and is still pending.

It is black-letter law that "[a] Court may not proceed to hear an action if, subsequent to its initiation, the dispute loses 'its character as a present, live controversy of the kind that must exist if [the Court is] to avoid advisory opinions on abstract propositions of law.'" Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc., 528 U.S. 167, 212-13 (2000) (quoting Hall v. Beals, 396 U.S. 45, 48 (1969) (per curiam)). "A case becomes moot, at any stage of litigation, when there is no longer a live case or controversy for a court to decide, such as when the plaintiff has already received the relief sought." Fisher v. United States Atty., 722 F. App'x 40, 41 (2d Cir. 2018) (citing U.S. Const. Art. III; Liner v. Jafco, Inc., 375 U.S. 301, 306 (1964)).

On March 21, 2024, all three of Plaintiff's applications for firearm licenses were granted. Plaintiff's rifle/shotgun permit was issued on March 25, 2024, and his handgun license was issued on April 15, 2024. As Plaintiff cannot receive any effectual relief from this Court, the Complaint is moot.

Accordingly, Defendants respectfully request that the Court dismiss the Complaint for the reasons set forth in its motion to dismiss and because the Complaint is moot. In the alternative, Defendants respectfully request that the Court permit Defendants to supplement the Motion to Dismiss with further briefing on the issue of mootness only.

I thank the Court for its attention to this matter.

Respectfully submitted,

/S

Aimee K. Lulich